UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HECTOR URIBE,<br><br>Defendant. | Case No.  5:19-cr-00091-EJD-1<br><br>ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)<br><br>Re: Dkt. No. 25 |

Defendant Hector Uribe is an inmate in the custody of the Bureau of Prisons ("BOP") and is housed at the Federal Correctional Institution in Safford, Arizona ("FCI Safford").  *See* Defendant's Notice and Emergency Motion for Compassionate Release ("Motion") at 2, Dkt. No. 25. Due to the ongoing COVID-19 pandemic, Defendant requests that he be compassionately released from prison pursuant to 18 U.S.C. § 3582.  The Government opposes this request.  *See* Government's Response In Opposition To Defendant's Motion For Compassionate Release From Custody ("Opp."), Dkt. No. 26.  The Probation Office has provided the Court with a response to Defendant's application.  The Court determines that the matter is suitable for a decision without a hearing and submits the matter on the papers.  For the reasons provided below, the Court **DENIES** Defendant's motion for compassionate release.

## I.    Background

On December 8, 2018, Mr. Uribe was arrested while transporting two kilograms of cocaine.  As a result, a federal grand jury returned a single-count indictment charging him with a violation of Title 21, United States Code, Section 841(a)(1).  On June 10, 2019, pursuant to a plea agreement, Mr. Uribe pled guilty to Possession with Intent to Distribute Methamphetamine.  On

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)

United States District Court
Northern District of California

September 9, 2019, the Court sentenced him to 60 months in custody, the minimum sentence permitted by law.  He self-surrendered for the service of his sentence on September 13, 2019.

In April 2020, Mr. Uribe was told that he was being reviewed for Direct Home Confinement under the COVID-19 guidelines.  On June 14, 2020, Mr. Uribe submitted a request for Commutation/ Reduction of Sentence (RIS) to the warden of FCI Safford pursuant to 18 U.S.C. § 3582(c)(1)(A)(I) and Program Statement 5050.50.  Dkt. No. 25-1, Declaration Of Vicki H. Young In Support Of Motion For Compassionate Release ("Young Decl."), Ex. A ("Request").  In a form dated June 16, 2020, Robert Schermer from the Safford medical staff noted:

> The Federal Bureau of Prisons has determined conditions of home confinement would present a lower risk of the inmate contracting COVID-19 than at the current BOP facility. Inmate's medical needs meet BOP criteria of increased risk of vulnerability.

Young Decl., Ex. B.  Nevertheless, the BOP denied Mr. Uribe's Request on June 19, 2020. Young Decl. Ex. A.

In his Request, Mr. Uribe indicated only that he was seeking release due to "extraordinary or compelling circumstances" but did not state any particular health concern.  The Motion suggested that Mr. Uribe suffered from Hepatitis B, citing to BOP medical records purporting to show a positive Hepatitis B test.  The Government's opposition clarified that the medical records show that Mr. Uribe tested positive for the Hepatitis B *antibody*, but negative for the Hepatitis B *antigen*.  These test results indicate that he does not have a current Hepatitis infection and is in fact immune from Hepatitis B, possibly because he received a vaccination as a child.  Opp. at 9-10.  Upon reply, counsel for Mr. Uribe explained that based on Mr. Schermer's conclusion that Mr. Uribe's medical needs "meet BOP criteria of increased risk of vulnerability," counsel had concluded that Hepatitis B was the basis for Mr. Schermer's notation.  Reply at 2.  Counsel maintains that even if Mr. Uribe does not suffer from Hepatitis B, Mr. Schermer's conclusion that he is medically vulnerable should still be given weight.

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)

United States District Court
Northern District of California

1     On or around December 30, 2020, Mr. Uribe tested positive for COVID-19.  Dkt. No. 26-

2  1, Declaration of Nikhil Bhagat ("Bhagat Decl."), Ex. A.  The parties dispute whether and the

3  extent to which Mr. Uribe experienced symptoms of the virus.  Mr. Uribe reported throwing up,

4  having headaches, and losing his sense of smell and taste.  He reported that he did not receive any

5  medical treatment for these symptoms.  In opposition, the Government attached medical records

6  indicating that Mr. Uribe's temperature, pulse, and oximeter reading were taken every day for one

7  week before his positive test and were consistently normal.  These medical records also indicate

8  that Mr. Uribe was monitored every day between January 1, 2021 and January 11, 2021.  *Id.* at 34-

9  35.  The Government also maintains that on each of these days, Mr. Uribe denied experiencing

10  any COVID-19 symptoms other than a headache and body aches, which were treated with

11  prescription-strength ibuprofen.  *Id.*  On January 11, 2021, Mr. Uribe did not report any

12  symptoms, and a doctor determined that his COVID-19 diagnosis was resolved.  *Id.* at 28.

13  **II.    Legal Standard**

14     18 U.S.C. § 3582(c) provides that a court may not modify a term of imprisonment once it

15  has been imposed except "upon a motion of the Director of the Bureau of Prisons, or upon motion

16  of the defendant."  *United States v. Arceo*, No. 5:09-CR-00616-EJD-1, 2020 WL 4001339, at *1

17  (N.D. Cal. July 15, 2020).  A defendant may bring a § 3582(c) motion only after he has "fully

18  exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion

19  on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the

20  defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Upon such a motion, a

21  court may modify a defendant's sentence "after considering the factors set forth in § 3553(a) to the

22  extent applicable" if it finds "extraordinary and compelling reasons warrant such a reduction" and

23  "such a reduction is consistent with applicable policy statements issued by the Sentencing

24  Commission."  *Id.* § 3582(c)(1)(A)(i).  The relevant Sentencing Commission policy statement sets

25  forth several "extraordinary and compelling reasons."  U.S. Sentencing Guidelines, §

26  1B1.13(1)(A) & cmt. 1.  Namely, whether the defendant is "suffering from a serious physical or

27

28  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)
   (COMPASSIONATE RELEASE)

United States District Court
Northern District of California

United States District Court
Northern District of California

1  medical condition . . . that substantially diminishes the ability of the defendant to provide self-care

2  within the environment of a correctional facility and from which he or she is not expected to

3  recover." *Id.* § 1B1.13 cmt. 1(A)(ii).  The Commission also requires that the defendant not pose a

4  danger to the safety of the community. *Id.* § 1B1.13(2).

5  ### III.   Discussion

6  Defendant has satisfied the administrative exhaustion requirement.  Therefore, the motion

7  hinges on whether the risks presented by COVID-19, coupled with Defendant's health conditions,

8  constitute "extraordinary and compelling reasons" for his release. *See United States v. Shields*,

9  2019 WL 2645028, at *2 (N.D. Cal. June 27, 2019).

10  The existence of the COVID-19 pandemic, without more, does not by itself constitute an

11  "extraordinary and compelling reason" for release.  Likewise, the mere fact that Defendant suffers

12  from chronic conditions is insufficient.  Chronic conditions that can be managed in prison are not

13  a sufficient basis for compassionate release. *United States v. Ayon-Nunez*, 2020 WL 704785, at

14  *2–3 (E.D. Cal. Feb. 12, 2020).  Indeed, "compassionate release is 'rare' and 'extraordinary;' the

15  current national emergency does not change this." *United States v. Luck*, No. 5:12-CR-00888-

16  EJD-2, 2020 WL 3050762, at *2 (N.D. Cal. June 8, 2020) (citing *United States v. Mangarella*,

17  2020 WL 1291835, at *2–3 (W.D.N.C. Mar. 16, 2020).  Hence, generalized concerns about

18  COVID-19, without other factors showing present extraordinary and compelling reasons to

19  warrant modification of a sentence and immediate release from custody, are insufficient. *Id.*; *see*

20  *also United States v. Eberhart*, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General

21  concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and

22  compelling reasons for a reduction in sentence") (emphasis added).

23  Mr. Uribe's Motion initially hinged on the argument that he suffered from Hepatitis B, a

24  condition which elevates the risk of complications and severe illness from COVID-19.  Now that

25  it is apparent that Mr. Uribe does not suffer from Hepatitis B, he maintains that he should be

26  immediately released because at one point the BOP staff determined that his medical needs meet

27

28  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)

4

1    the criteria for increased risk of vulnerability.  *See* Reply at 2 (citing Mr. Schermer's June 16,

2    2020 evaluation).  Although Mr. Schermer noted Mr. Uribe was medically vulnerable, he did not

3    specify what medical issue Mr. Uribe suffered from nor why that issue made him vulnerable to

4    COVID-19.  Ultimately, the BOP rejected Mr. Uribe's request for direct home confinement,

5    despite Mr. Schermer's conclusion.  As Mr. Uribe acknowledges, "[t]he issue remains whether

6    Mr. Uribe's medical conditions render him more susceptible to serious illness or death due to

7    COVID-19."  Reply at 3.  Mr. Uribe has not identified any such condition and his medical records

8    indicate none.  Mr. Schermer's limited commentary from June 2020, without more, does not

9    provide the Court with any information on which to conclude that Mr. Uribe does, in fact, suffer

10   from a medical condition rendering him susceptible to serious illness.

11        Furthermore, Mr. Uribe tested positive for COVID-19 in December and recovered from the

12   illness in January.  The Court finds the differing accounts of Mr. Uribe's symptoms and the

13   allegation that he did not receive adequate treatment troubling, however, there is no contention

14   that Mr. Uribe fell severely ill as a result of contracting the virus.  The fact that Mr. Uribe

15   contracted COVID-19 and experienced only mild or moderate symptoms weighs against a finding

16   that he is extraordinarily vulnerable to severe illness from the virus.  Indeed, several courts in this

17   jurisdiction have denied compassionate release where defendants had contracted COVID-19 but

18   experienced symptoms that did not rise to the level of "extraordinary and compelling reasons."

19   *See, e.g.*, *United States v. Quintero*, 2020 WL 3639936, at *3 (N.D. Cal. July 6, 2020) (denying

20   compassionate release to 52 year-old with arthritis, Reflexive Sympathetic Dystrophy,

21   hyperlipidemia, latent tuberculosis, and carpal tunnel who recovered from COVID-19 with no

22   symptoms); *United States v. Silva*, 2020 WL 4039218, at *3 (N.D. Cal. July 17, 2020) (denying

23   compassionate release to 27 year-old with hypertension and Type I diabetes who recovered from

24   COVID-19 with no symptoms); *United States v. Whipple*, 2020 WL 3316102, at *2-3 (N.D. Cal.

25   June 18, 2020) (denying compassionate release to 28 year-old who suffered from asthma from

26   ages 7 to 14 and who recovered from COVID-19 with no symptoms).  While Mr. Uribe indicated

27

28   ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)
     (COMPASSIONATE RELEASE)

that he continues to suffer the effects of COVID-19, lingering effects are unfortunately commonplace among many people who have contracted the virus and do not constitute extraordinary or compelling reasons for his release.

Mr. Uribe has not identified any particular medical concern that constitutes an extraordinary or compelling reason to warrant a reduction in his sentence.  Mr. Uribe's motion for compassionate release is therefore **DENIED**.  Because Mr. Uribe has not established extraordinary or compelling reasons for his release, the Court need not consider the factors set forth in section 3553(a).

**IV.    Conclusion**

For the reasons stated above, Mr. Uribe's Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  March 23, 2021

EDWARD J. DAVILA
United States District Judge

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)